IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 25-1095 (JCG) |
| v. | ) | |
| | ) | **REDACTED - PUBLIC VERSION** |
| ZOOM COMMUNICATIONS, INC. | ) | |
| f/k/a ZOOM VIDEO | ) | |
| COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUR-REPLY IN SUPPORT OF**
**ITS MOTION TO TRANSFER UNDER 28 U.S.C. § 1404**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mflynn@morrisnichols.com

*Attorneys for Defendant*
*Zoom Communications, Inc.*

[Additional counsel on signature page]

OF COUNSEL:

Edward D. Johnson
Clifford A. Maier
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000

Michael A. Molano
MAYER BROWN LLP
101 Second Street, Suite 1700
San Francisco, CA 94105
(415) 874-4230

Original filing date: September 8, 2026
Redacted filing date: September 15, 2026

# TABLE OF CONTENTS

**Page**


I. THE *TSTONE* VENUE DISCOVERY CONFIRMED THE CORE FACTS FAVORING TRANSFER ....1

II. RICOH'S "NEW EVIDENCE" IS NEITHER NEW NOR MATERIAL ....2

A. The Former Address of One HR Employee is Irrelevant....2

B. Zoom Identified the Relevant Witnesses ....3

C. One Data Center in Virginia is Irrelevant....4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cont'l Grain Co. v. The Barge FBL-585*,
364 U.S. 19 (1960)....................3

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023)....................2

*In re Samsung Elecs. Co. Ltd.*,
2023 WL 8642711 (Fed. Cir. Dec. 14, 2023)....................2

*All emphasis added unless otherwise noted.

## I. THE *TSTONE* VENUE DISCOVERY CONFIRMED THE CORE FACTS FAVORING TRANSFER

After delaying the Court's consideration of this motion so that it could receive duplicative discovery from another matter, Ricoh still cannot point to ***any evidence connecting this case to Delaware.*** Rather than admit it came up empty-handed, Ricoh insisted on filing a sur-reply that offers nothing new or material. Ricoh even takes the opportunity given by the Court to improperly argue caselaw outside the scope of the *Tstone* discovery that served as the basis for sur-reply.

In fact, the *Tstone* discovery ***fully corroborates*** Zoom's Motion and squarely supports transfer:

**Lack of Delaware Presence:** Ms. Bahra confirmed that Zoom has ***no*** offices, employees, or remote employees in Delaware. Ex. 20, 38:18-39:9; Ex. 23, Bahra Tstone Dep. 28:13-21, 31:10-32:7. This even includes "hotel" flex office rentals, which are ***not*** available in Delaware. *Id.*, 68:9-18. Ms. Bahra is also not aware of ***any*** other Zoom employee previously living in Delaware. *Id.*, 41:5-23.

**NDCA Witness Location:** [redacted] where witnesses knowledgeable to this case reside. D.I. 47, Hu Decl., ¶¶ 6-10; Ex. 21, 13:23-14:14, 28:5-19, 29:14-30:5, 30:18-31:4, 31:16-32:5. Mr. Hu further confirmed that [redacted] and none are located in Delaware. *Id.*, 16:9-19. ***Ricoh's sur-reply identified nothing from* Tstone *to impugn this.***

**<u>Location of Documents and Source Code</u>:** Mr. Hu confirmed that the Virginia "data center" Ricoh points to is simply [redacted]. Ex. 24, Hu Tstone Dep., 81:13-21, 131:7-17, 133:20-134:7. Similar [redacted] exists in NDCA and is not unique to Virginia. *Id.*, 79:24-81:4.

At bottom, ***no evidence*** from ***either*** Ricoh's or Tstone's discovery demonstrates ***any*** relevant connection to Delaware beyond Zoom's incorporation.

## II. RICOH'S "NEW EVIDENCE" IS NEITHER NEW NOR MATERIAL

### A. The Former Address of One HR Employee is Irrelevant

Ricoh's lead argument is that one HR employee—with no relation to any issue in this case—[redacted] roughly ***six years ago***. Ex. 23, 40:19-41:4. Putting aside that §1404(a) examines the ***current*** location of witnesses and evidence, employees must be ***relevant to the claims and defenses*** to impact transfer. *See In re Samsung Elecs. Co. Ltd.*, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023) (finding that "the presence of some Samsung employees in Eastern Texas, who have no technical knowledge of the accused functionality here" does not prevent transfer).

Ms. Bahra's testimony is clear that she has no involvement with the Accused Products. Ex. 20, 14:5-10, 12:14-13:18. *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. 2023) (granting mandamus and ordering transfer where employee in the district provided "sworn, unequivocal deposition testimony" explaining that they did

not "work on the accused features"). Her sole role in connection with this Motion was to identify the current location of Zoom's offices and corresponding employees. She is not identified on Zoom's Initial Disclosures, and will play no role in the merits of this case. Ex. 22 at 2-3. Thus, the *Tstone* discovery confirms that Zoom has ***no current Delaware employees***: Ricoh was unable to identify ***any witness*** in Delaware.

**B. Zoom Identified the Relevant Witnesses**

Ricoh argues that Zoom needed to catalogue every full-time employee ***and*** independent contractor (i.e., "contingent worker") providing services to Zoom over an undefined, multi-year period. D.I. 93 at 3. That is absurd. The purpose of §1404(a) is to protect "litigants" and "witnesses" from "unnecessary and inconvenient expense"—not unrelated employees, independent contractors, or their prior addresses. *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 27 (1960).

Zoom unequivocally identified the specific witnesses with relevant information regarding the design and development of the Accused Products—[redacted] D.I. 47, Hu Decl. ¶¶ 7-10; Ex. 21, 13:23-14:14, 28:5-19, 29:14-30:5, 30:18-31:4, 31:16-32:5. This is based on firsthand knowledge of [redacted]. *Id.*, 23:11-18.[redacted] works with the accused Zoom Meetings, Zoom Rooms, Zoom Session, and Zoom Webinar products on a daily basis. *Id.*, 21:8-18. He even

confirmed that [redacted], and that ***none are in Delaware***. *Id.*, 16:9-19. ***The existence of product design in*** [redacted] ***was corroborated by the* Tstone *deposition.*** *E.g.*, Ex. 24, 55:14-57:2. Moreover, Ricoh's sur-reply ignored that numerous relevant third parties—including those injected into the case by Ricoh—are located in NDCA. D.I. 45 at 14-17.

Zoom has no office in Delaware, no employees in Delaware, and Zoom's HR Declarant has no knowledge of any other employee previously living in Delaware in at least the last six years. Ex. 23, 41:5-23. Moreover, even if an independent contractor could be relevant here, Ms. Bahra confirmed that [redacted] *Id.*, 35:10-11. ***In summary, Ricoh's theory of a Delaware connection is not only speculation, but implausible given the current evidence.***

### C. One Data Center in <u>Virginia</u> is Irrelevant

Despite the fact that Zoom was founded in NDCA, is headquartered in NDCA, and the design and development of its products is managed out of NDCA, Ricoh challenges Zoom's NDCA connection based on: (1) a data center ***in Virginia***, and (2) other offices and employees outside of NDCA that ***are not in Delaware***.

Putting aside that Ricoh's "data center" argument is not even new (D.I. 74 at 3-4), it is fraught with problems. *First*, ***Virginia is not Delaware*** and the data center is located over 100 miles from Wilmington. *Second*, this data center [redacted]

[redacted] Ex. 24, 81:13-21, 133:20-134:7. *Third*, [redacted]. *Id.*, 79:24-81:4. This is, of course, separate and distinct from the servers housing Zoom's source code, [redacted]. *Id.*, 131:7-17. If anything, Ricoh's focus on infrastructure ***in Virginia*** further demonstrates how short Ricoh has come up attempting to find ***any*** Delaware connection beyond Zoom's incorporation.

Finally, Ricoh takes issue with Zoom's headquarters and [redacted] based on the already-known fact that Zoom has other employees worldwide. But the §1404(a) analysis does not turn on what percentage of a company's total global workforce sits at its headquarters—***it turns on where the relevant witnesses and evidence are located***.

All evidence confirms that the relevant witnesses, documents, and third parties are located in either California or China and litigation is far more convenient in NDCA. Zoom respectfully requests transfer.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mflynn@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Edward D. Johnson
Cliff A. Maier
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000

Michael A. Molano
MAYER BROWN LLP
101 2nd Street, Ste 17th Floor
San Francisco, CA 94105
(415) 874-4230

B. Clayton McCraw
Kaitlyn M. Hunt
Shantelle L. Lafayette
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
(212) 506-2500

Amanda Steff Bonner
Nicholas H. Ciulla
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

September 8, 2026

**CERTIFICATION**

The undersigned hereby certifies that the foregoing brief contains 1,148 words**,** excluding the cover page, tables, and signature blocks, and that it complies with the Court's type, font, and word limitations.

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 8, 2026, upon the following in the manner indicated:

John G. Day *VIA ELECTRONIC MAIL*
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Plaintiff*

Brett C. Govett *VIA ELECTRONIC MAIL*
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
*Attorneys for Plaintiff*

Michael V. Solomita *VIA ELECTRONIC MAIL*
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
*Attorneys for Plaintiff*

Gabriel Culver *VIA ELECTRONIC MAIL*
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
*Attorneys for Plaintiff*

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333)