IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1095-JCG |
| | ) | |
| ZOOM COMMUNICATIONS, INC. F/K/A ZOOM VIDEO COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO**
**<u>DEFENDANT'S LETTER REGARDING ITS MOTION TO COMPEL</u>**


*Of Counsel:*

Brett C. Govett
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-79932
(214) 855-8000
brett.govett@nortonrosefulbright.com

Michael V. Solomita
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY, 10019-6022
(212) 408-5420
michael.solomita@nortonrosefulbright.com

John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*
*Ricoh Company, Ltd.*


Dated: October 16, 2026

Dear Judge Choe-Groves:

Much like Zoom's motion to transfer, which this Court denied yesterday, Zoom's motion to compel is, respectfully, a delay tactic in connection with its discovery obligations. Notwithstanding that its motion to dismiss under 35 U.S.C. § 101 was denied several months ago, and despite promising on July 27 to provide documents in response to Ricoh's document requests, Zoom has yet to produce ***a single technical document*** or make its source code available. Having failed to produce documents for months, Zoom now seeks an 11th hour stay of its October 20 invalidity contentions deadline, claiming it "cannot chart prior art against infringement theories Ricoh has not disclosed." Zoom Ltr. at 3. That argument is refuted by Zoom's conduct: Zoom filed *inter partes* review ("IPR") petitions with the PTAB alleging, in extensive detail, why it believes the prior art invalidates ***all claims of all seven asserted patents***.

**I. Zoom's Motion Is a Delay Tactic and a Result of its Discovery Conduct.** Zoom's motion is the latest in a series of procedural maneuvers designed to delay its obligations under the Scheduling Order while it awaits IPR institution decisions. Zoom's IPR petitions establish that Zoom plainly possesses whatever notice it claims it needs regarding Ricoh's infringement theories to serve its invalidity contentions on October 20. Moreover, Ricoh would not oppose Zoom's supplementation of its invalidity contentions based on any Ricoh supplementation.

In the meantime, the root cause of any alleged deficiency in Ricoh's contentions is Zoom's refusal to produce a single page of technical documentation or make available any source code. Ricoh served Requests for Production ("RFPs") in June seeking the precise technical documents needed to chart Zoom's Accused Instrumentalities in further detail. Zoom agreed on July 27 to produce documents in response to dozens of those requests[1] and yet as of the date of this letter has produced ***zero documents***. As a result, Ricoh's infringement contentions currently rely on publicly available information. In direct contravention of the express language in FRCP 34(b)(2)(B), Zoom argues that its obligation to produce documents responsive to Ricoh's technical RFPs does not arise until it produces documents accompanying its invalidity contentions on October 20, and that those documents need only be "sufficient to show the operation of the accused products"—a far less demanding standard than Ricoh's RFPs seek and than what would be needed to provide the source-code-level charting Zoom demands. Ex. 2, Oct. 12, 2026 Bonner e-mail. To make matters worse, Zoom has unilaterally refused to produce any documents created prior to 2024, eliminating a large swath of relevant technical history, and contends it need not produce any further technical documents responsive to Ricoh's RFPs until the December 14, 2026 substantial completion deadline—six months after Ricoh served requests for production. *Id.*

Zoom constructs a Catch-22 of its own making: it withholds the technical information Ricoh needs to supplement; it uses a self-created gap to impugn the sufficiency of Ricoh's contentions; and it asks this Court to compel supplementation before Ricoh has received that information. Depending on the scope and adequacy of Zoom's October 20 production, Ricoh may lack the information needed not only to supplement its infringement contentions, but also to narrow the asserted claims to 40 by the January 12, 2027 deadline—a consequence entirely of Zoom's making. Ricoh awaits the production of documents it has sought for months. Ricoh has repeatedly advised Zoom *it will*

[1] RFP Nos. 1, 4, 5, 8, 10, 11, 14, 18–25, 27, 29, 30, 34, 36, 41, 42, 46, 47, 51, 52, 55, 56, 60, 61, 65, 66, 70–73, 75, 77, 84, 85, 101, 104–107, 110, and 112–114. Ex. 1.

*timely supplement its infringement contentions when the proper technical documents and source code are produced*, and, depending on the breadth and timing of Zoom's production, Ricoh respectfully advises the Court it may seek to compel additional documents and/or an extension of the January 12, 2027 claim narrowing deadline.

Zoom's reliance on *CosmoKey* is not only misplaced—the case supports Ricoh. First, the *CosmoKey* defendant produced technical documents and at least one version of source code, although the sufficiency of that production was in dispute, before complaining about infringement contentions. Second, at oral argument, Chief Judge Connolly stated the obvious issue present here—that a defendant's failure to produce technical documents "makes sense to me as preventing Plaintiff from amending infringement contentions." Third, the *CosmoKey* defendant, represented by the same Delaware counsel that represents Zoom in this case, timely served invalidity contentions despite the alleged deficiencies, confirming Zoom can and must do the same.

Other caselaw in this District confirms that a plaintiff cannot be compelled to provide the requisite level of technical detail in its infringement contentions without a defendant's technical documents. *See Bunge Loders Croklaan USA, LLC v. Cargill, Inc.*, C.A. No. 24-884, D.I. 88 (D. Del. Dec. 16, 2025) (denying a motion to compel supplementation because the "defendant has not sufficiently disclosed enough in discovery to require plaintiff to update its contentions."); *see also Volterra Semiconductor LLC v. Monolithic Power Sys., Inc.*, C.A. No. 19-2240, D.I. 297 at 6-7 (D. Del. Nov. 30, 2021) (permitting plaintiff to amend infringement contentions after receiving defendant's supplemental production); *GlaxoSmithKline Biologicals SA v. Moderna, Inc.*, C.A. No. 24-1136, D.I. 105 at 5-6 (D. Del. Oct. 3, 2025); *AlmondNet, Inc. v. Viant Tech. LLC*, C.A. No. 23-174, D.I. 83 at ¶ 14 (D. Del. July 15, 2024).

**II. Ricoh's Contentions Are Fully Compliant With the Scheduling Order.** Infringement contentions provide notice to a defendant of plaintiff's infringement theories early in the case, although the plaintiff is not required to prove its infringement case in its contentions. *AlmondNet, Inc.* at pp. 2-3 (citing *Wi-Lan Inc. v, Vizio, Inc.*, C.A. No. 15-788-LPS, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018)). Each of Zoom's five arguments regarding Ricoh's contentions fails and each is compounded by Zoom's refusal to produce technical documents and source code.

First, Zoom faults Ricoh for failing to provide separate infringement charts for each of the Accused Instrumentalities. However, according to publicly available information, all of the Accused Instrumentalities use the same Zoom proprietary software, and this common software deploys the same accused functionality across its product line for purposes of the asserted patent claims. There is no notice function served by duplicating the same claim chart for different Accused Instrumentalities. *AlmondNet*, at ¶¶ 11-12 ("separate charts for [multiple] services or components are not appropriate where . . . there is sufficient charting for [a d]efendant's broader [] platform that is accused of infringement."). This form over substance argument aside, if Zoom genuinely contends that its products are implemented in materially different ways, the answer is straightforward: produce the technical documents and source code that would allow Ricoh to evaluate those differences. Zoom has refused to do so.

Second, Zoom's arguments that Ricoh failed to provide an infringement theory for "numerous claim limitations" fail on their terms. Zoom cherry-picked two dependent claims (claim 9 of the

’278 Patent and claim 7 of the ’487 Patent) out of the 132 asserted claims and, rather than dispute that infringement is alleged, only complains that infringement was pleaded upon information and belief. But pleading on information and belief is appropriate where the relevant facts, such as Zoom’s internal source code logic, are exclusively in Zoom’s possession. Zoom likewise focuses on one claim of the ’917 Patent, claim 7[b], to allege an “incoherent” cross-reference to limitations 1[d] and 3[b]. Claim 7 depends from claim 1, which Zoom does not challenge, and dependent claim 3[b] contains a similar limitation to claim 7[b]. Thus, the cross-references share the same underlying functionality and give Zoom notice without needlessly repeating identical evidence. To the extent Zoom disagrees, it can provide the appropriate technical documents and source code. For the ’487 Patent, limitations 1[e], 8[a], and 15[a], Ricoh’s chart expressly states that “[s]electing the ‘Whiteboard’ icon opens an interactive whiteboard session window” explaining how the annotated screenshots identify each element—the opposite of Zoom’s “never explains” accusation.

Third, Ricoh’s indirect infringement disclosure identifies the direct infringers—Zoom’s customers and end users, who directly infringe each time they install and/or activate any of the Accused Instrumentalities—and specifies Zoom’s inducing acts, including actively encouraging, enabling, and instructing infringement through its website, documentation, technical support, and product design, citing the specific Zoom product, download, and support pages through which Zoom does so. The cover materials accompanying each claim chart further set forth the factual basis for contributory infringement. Further detail about how Zoom instructs, supports, and interacts with its customers and distributors is in Zoom’s possession; Ricoh has requested those documents and Zoom has produced none.

Fourth, Paragraph 3(e) of the Scheduling Order requires only a statement of whether each limitation is alleged to be present literally or under the doctrine of equivalents. Ricoh made that statement: each limitation is literally present, as shown in Exhibits A through G, and the doctrine of equivalents is preserved as an alternative. Zoom has not provided any non-infringement theories identifying specific limitations it contends are absent. Until Zoom does so, requiring Ricoh to develop limitation-specific equivalents theories would be premature speculation.

Fifth, Paragraph 3(g) of the Scheduling Order requires that a party “identify” its own practicing products—it does not require a claim chart mapping those products to each asserted claim. Ricoh complied by identifying its Unified Communication System (UCS), Toruno, Pekoe, and whiteboard products. During meet-and-confer discussions, Ricoh offered to amend its contentions to identify which specific claims each of its products practices, even though that exceeds what Paragraph 3(g) requires. Zoom rejected this reasonable compromise without explanation and instead filed this motion—conduct that is not consistent with good-faith dispute resolution and should weigh against the relief Zoom requests.

Zoom’s motion should be denied because: (1) Zoom cannot weaponize its discovery defaults to compel supplementation those defaults have made impossible; (2) Ricoh has repeatedly informed Zoom it will supplement its contentions when it receives Zoom’s technical document productions and access to its source code; and (3) the *CosmoKey* case and this District’s caselaw confirm that Zoom must produce its technical documents and provide source code before Ricoh can be required to supplement.

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM/nlm
cc: All counsel of record (via electronic mail)